IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ARTHUR GLENN DRUMMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 317-041 |
| | ) |
| PHILLIP HALL, Warden; | ) |
| BARBARA GRANT, Unit Manager; | ) |
| FREDRICK JOHNSON, Unit Manager; | ) |
| LISA FOUNTAIN, Interim Manager; and | ) |
| SHELAND CRAY, CO II Officer, | ) |
| | ) |
| Defendants. | ) |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiff commenced the above-styled civil action pursuant to 42 U.S.C. § 1983. He is *pro se* and is currently proceeding *in forma pauperis*. The Court has been informed its last Order entered in this case on September 14, 2017, has been returned; Plaintiff is no longer located at the address he has on file with the Court. (See doc. no. 10.) Plaintiff was directed in the Court's July 28, 2017 Order to immediately inform the Court of any change in address, and he was told that the failure to do so would result in the dismissal of his case. (Doc. no. 4, p. 4.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v.

Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)). see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to keep the Court informed of his address is a direct violation of the Court's July 28th Order and saddles the Court with a stagnant case in which no communication with Plaintiff seems possible. Plaintiff was warned that noncompliance could result in dismissal of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP and no portion of the filing fee has been paid. Therefore, dismissal for want of prosecution is appropriate.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

2

adjudication on the merits.[1]  See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005) (*per curiam*); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 25th day of September, 2017, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).