IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ARTHUR GLENN DRUMMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 317-041 |
| | ) |
| PHILLIP HALL, Warden; | ) |
| BARBARA GRANT, Unit Manager; | ) |
| FREDRICK JOHNSON, Unit Manager; | ) |
| LISA FOUNTAIN, Interim Manager; and | ) |
| SHELAND CRAY, CO II, Officer, | ) |
| | ) |
| Defendants. | ) |

_____

**O R D E R**
_____

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* in this civil rights case. In a Report and Recommendation ("R&R") dated September 25, 2017, the Court recommended dismissing the case because Plaintiff failed to keep a current address on file, as required by the Court's Order dated July 28, 2017. (See doc. no. 11.) This recommendation was based on mail that had been returned as "undeliverable" to Plaintiff at TSP. (See doc. no. 10.)

In his objections, Plaintiff argues he has never left TSP, and the returned mail was a result of prison officials mishandling his mail. (Doc. no. 13.) As the Court's prior recommendation for dismissal was based on the failure to keep the Court informed of a current address, and Plaintiff has now explained that the returned mail was the product of a mistake in the prison mailroom rather than any dilatory action on his part, the Court **VACATES** it prior R&R. (Doc. no. 11.)

The Court will screen Plaintiff's amended complaint in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) in its normal course of business.

Plaintiff also attached an "Order to Show Cause" to his objections which purports to tell Defendants to stop "abusing, torturing and denying plaintiff of his rights" because he filed this lawsuit. (Doc. no. 13, p. 3.) To the extent Plaintiff wants the Court to take a specific action in his case, he must file a properly captioned motion. In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) ("[I]f a litigant seeks judicial action of any sort . . . it must be contained within a motion arising from a properly filed lawsuit."). In any event, the law is well-settled that retaliating against an inmate for filing a lawsuit is unconstitutional. See Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Thus, any request in a properly-filed motion for an order prohibiting any Defendant or staff member at TSP from retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than a request for the issuance of an instruction to "obey the law" — a duty already in place. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

SO ORDERED this 13th day of October, 2017, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA