IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ARTHUR GLENN DRUMMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 317-041 |
| | ) |
| PHILLIP HALL, Warden; | ) |
| BARBARA GRANT, Unit Manager; | ) |
| FREDRICK JOHNSON, Unit Manager; | ) |
| LISA FOUNTAIN, Interim Manager; and | ) |
| SHELAND CRAY, CO II, Officer, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   BACKGROUND**

Plaintiff names the following Defendants: (1) Phillip Hall, Warden of TSP; (2) Barbara Grant, Unit Manager of Tier II Program at TSP; (3) Fredrick Johnson, Unit Manager of Tier II Program at TSP; (4) Lisa Fountain, Interim Manager; and (5) Sheland Cray,

Correctional Officer II at TSP.  (Doc. no. 5, pp. 1-6.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On April 5, 2017, Defendant Cray assaulted Plaintiff with a metal detector in Building F-1 at TSP and took away Plaintiff's recreation time.  (Id. at 6-7.)  Defendant Grant "and everyone stated in this complaint was involved" in the April 5th incident, though Plaintiff provides no details about how each Defendant participated in the alleged assault.  (Id. at 7.)

Plaintiff filed a grievance on April 13, 2017.  (Id. at 9.)  At the time Plaintiff filed his amended complaint, he had not yet filed an appeal of the grievance, even though prison officials had exceeded the forty days allowed to respond to the original grievance.  (Id.)  Contrary to Plaintiff's assertion that he filed a grievance on April 13th, Plaintiff also asserts he did not file grievance but informed "[e]veryone that's in this complaint" about the April 5th incident and was simply told "they'll look into it."  (Id. at 10.)

Plaintiff seeks an order directing TSP officials to stop harassing and punishing him, as well as $50,000 in punitive and compensatory damages from each Defendant.  (Id. at 7.)

## II. DISCUSSION

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Plaintiff's amended complaint should be dismissed because of his failure to exhaust

administrative remedies. Although Plaintiff alternately states he did, and did not, file a grievance, the Court finds that even if Plaintiff did file a grievance, he did not complete the administrative process prior to filing his lawsuit.

### A.     The Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Dismissal for failure to state a claim is appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199, 215 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011); Solliday v. Federal Officers, 413 F. App'x 206, 208 (11th Cir. 2011); Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and

other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).[1]   Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

### B. Administrative Grievance Procedure at TSP

The Georgia Department of Corrections administrative grievance procedure is set forth in Standard Operating Procedure ("SOP") IIB05-0001. Inmates are encouraged to resolve complaints on an informal basis before filing a grievance, however this step is not

---

[1] Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 537-38 (7th Cir. 1999).

required. SOP IIB05-0001 § VI(A)(4). The administrative remedies procedure commences with the filing of the Original Grievance. The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the Original Grievance and give it to a Counselor. Id. § VI(D)(1)-(5). Once the Counselor gives the grievance to the Grievance Coordinator, they will screen it in order to determine whether to accept it or recommend that the Warden reject it. Id. § VI(D)(5). If the Warden rejects the grievance, the inmate may appeal the rejection to the Central Office. Id. § VI(D)(5)(f).

If the Grievance Coordinator accepts the grievance or the Warden rejects the coordinator's recommendation to reject the grievance, the Grievance Coordinator will appoint a staff member to investigate the complaint. Id. § VI(D)(6). After the staff member prepares a report, the Grievance Coordinator submits a recommended response to the Warden. Id. The Warden or a designee reviews the grievance, the report, and the recommendation and issues a decision in writing. Id. The Warden has forty days from the date the offender gave the Original Grievance to the Counselor to deliver a decision. Id. § VI(D)(7).

The inmate then has seven calendar days from the date they receive the response to file a Central Office Appeal to the Office of the Commissioner, but this time limit may be waived for good cause. Id. § VI(E)(2). If the Original Grievance is rejected, or if the time allowed for a response to the Original Grievance has expired without action, the offender may file a Central Office Appeal. Id. §§ VI(E)(3)-(4). The Office of the Commissioner or his designee then has 100 calendar days after receipt of the grievance appeal to deliver a decision to the offender. Id. § VI(E)(7).

### C. Plaintiff's Failure to Exhaust.

In his amended complaint signed on August 14, 2017, Plaintiff alternately states that he did, and did not, file a grievance. (Doc. no. 5, pp. 8-10.) Even when Plaintiff alleges he did file a grievance, he concedes he has not received a response and has not filed an appeal. (Id. at 9.) Plaintiff has not filed an appeal despite his awareness of the expiration of the time limit for TSP officials to respond.[2] (Id.) The SOP allows for filing a Central Office Appeal if the time allowed for responding to the Original Grievance has expired, as Plaintiff alleges happened here. See SOP IIB05-0001 §§ VI(E)(3)-(4).

Plaintiff concedes that he did not comply with the procedural requirements of the administrative grievance process. Rather, he improperly bypassed the appeals process when he did not receive a timely response to his grievance filed on April 13, 2017. Such actions defeat the rationale behind requiring "proper exhaustion":

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction. . . . For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on

---

[2] This admission is consistent with his original complaint, signed July 12, 2017, in which Plaintiff stated he filed a grievance, the response time limit had expired, but he had not filed an appeal. (Doc. no. 1, p. 3.)

procedural grounds. We are confident that the PLRA did not create such a toothless scheme.

Woodford, 548 U.S. at 95; see also Johnson, 418 F.3d at 1159 (allowing untimely grievance to satisfy exhaustion requirement would defeat aims of PLRA to review merits of prisoner's claim, does "not spur the corrective action that might have obviated the need for litigation, . . . filter . . . potential frivolous claims, . . .[or] develop[] . . . an administrative record to assist the courts in deciding the controversy").

In sum, the PLRA requires proper exhaustion of available administrative remedies prior to filing a federal lawsuit, which includes a requirement for compliance with procedural rules governing prisoner grievances.  Johnson, 418 F.3d at 1159.  Additionally, because proper exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure *before* initiating this suit.  Higginbottom, 223 F.3d at 1261.  It is plain from the face of Plaintiff's amended complaint, indeed he concedes, that he failed to complete the entire grievance process prior to commending this case.

Plaintiff did not properly exhaust his available administrative remedies because he did not file a Central Office appeal when prison-level officials allegedly violated the time limits for responding to his April 13, 2017 grievance.  (Doc. no. 5, p. 9.)  Therefore, the amended complaint fails to state a claim upon which relief can be granted.  See Solliday, 413 F. App'x at 208 ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

### III.     CONCLUSION

For the reasons set forth above, Plaintiff's amended complaint fails to state a claim upon which relief can be granted.  Therefore, the Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** without prejudice for failure to exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of October, 2017, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA