FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2017 NOV -8 P 12: 08
CLERK_____
SO/DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR GLENN DRUMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-041 |
| | ) | |
| PHILLIP HALL, Warden; | ) | |
| BARBARA GRANT, Unit Manager; | ) | |
| FREDRICK JOHNSON, Unit Manager; | ) | |
| LISA FOUNTAIN, Interim Manager; and | ) | |
| SHELAND CRAY, CO II Officer, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed, (doc. no. 17). The Magistrate Judge recommended dismissal because Plaintiff failed to exhaust his administrative remedies as required by section 1997e(a) of the Prison Litigation Reform Act. (See doc. no. 15.) In both the original and amended complaints, Plaintiff attested under penalty of perjury he had not filed an administrative appeal, despite the expiration of time for the Warden to respond to the original grievance. (Doc. no. 1, p. 3; doc. no. 5, p. 9.) In the amended complaint, Plaintiff alternately swears that he did, and did not, file any grievance, but consistently acknowledges he did not file an appeal. (Doc. no. 5, pp. 8-10.)

Upon entry of the R&R explaining the case was subject to dismissal for failing to exhaust the administrative grievance process, Plaintiff responded with an unsworn explanation that at some unidentified time, prison counselors told him there "were no more Central Office Appeal(s)." (Doc. no. 17, pp. 1-2.) As explained in the R&R, the grievance process must be exhausted prior to filing the lawsuit, and there is nothing in the objections showing Plaintiff made any inquiry about appealing that was denied prior to commencing this lawsuit. Not only is Plaintiff's belated explanation devoid of any details concerning when he asked to appeal, but it is notably not attested to as true under penalty of perjury. (Id.) Moreover, despite the requirement in Federal Rule of Civil Procedure 11(a) that every document filed with the Court by a *pro se* litigant must be signed by that litigant, the objections were signed by a different hand than that of the signator on the complaint, motion to proceed *in forma pauperis*, consent to collection of fees, and the amended complaint. (See doc. nos. 1, 3, 5, 7.)

"A complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (*per curiam*) (citing Jones v. Bock, 549 U.S. 199, 215 (2007)). The Magistrate Judge properly identified the failure to exhaust the administrative grievance process on the face of Plaintiff's amended complaint. The Court finds no basis for rejecting Plaintiff's previously sworn concession regarding the failure to exhaust in favor of his belated and unsworn suggestion he was unable to pursue a Central Office Appeal at some unidentified time.

In sum, the Court **OVERRULES** the objections. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this

case without prejudice for failure to exhaust administrative remedies, and **CLOSES** this civil action.

SO ORDERED this 8th day of November, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE